POLSTON, J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm the trial court’s summary denial of Mungin’s newly discovered evidence claim. However, unlike the majority, I would also affirm the summary denial of Mungin’s Brady and Giglio claims because Mungin cannot demonstrate materiality under either Brady or Giglio.
Although Brown’s affidavit calls into question whether Kirkland could have seen Mungin leaving the store shortly after the shooting, Kirkland’s testimony was already called into question based on other significant inconsistencies, which were pointed out during the trial and stressed during closing arguments. For example, Kirkland’s testimony conflicted with other testimony that Mungin had very short hair at the time of the murder. In fact, defense counsel made a convincing argument that Kirkland’s testimony actually supported that Mungin could not be the person leaving the store. Based on a review of Kirkland’s testimony and the problems with it, it is unclear whether the jury put any weight in it or whether it was even incriminating.
In contrast to the questionable strength of Kirkland’s testimony, the jury was presented with significant evidence that Mun-gin committed the murder. Specifically, the jury was presented with evidence that the murder weapon was found at Mungin’s home days after the murder, that Mungin used this same gun to shoot two other store clerks just days before the murder, and that Mungin was linked to the stolen vehicles involved in the crime spree. Brown’s affidavit does not call any of this evidence into question and does not provide any support that Mungin was not involved. Therefore, materiality cannot be established under either Brady or Giglio. See Way v. State, 760 So.2d 903, 913 (Fla.2000) (explaining that the materiality prong under Brady is met if the defendant demonstrates “a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different”) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (plurality opinion)); Rhodes v. State, 986 So.2d 501, 509 (Fla.2008) (explaining that evidence is material under Giglio “if there is any reasonable possibility that it could have affected the jury’s verdict”).
Accordingly, I respectfully concur in part and dissent in part.
CANADY, C.J., concurs.